FILED
SUPERIOR COURT
OF GUAM

2014 APR 30 AM 9: 59

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

        vs.

ALVIN GERARD SAN NICOLAS,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CF0490-10**

**DECISION AND ORDER: Defendant's Motion to Set Aside Convictions**

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 11, 2014 for a hearing on the Defendant Alvin San Nicolas's Motion to Set Aside Convictions. The People of Guam (the People) were represented by Assistant Attorney General Brian Gallagher. Public Defender Pablo M. Aglubat represented Defendant. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING the Defendant's motion.

### BACKGROUND

Defendant was indicted by a Superior Court of Guam Grand Jury on November 12, 2013. The indictment charges the following: fifteen (15) Counts of First Degree Criminal Sexual Conduct, one (1) Count of Second Degree Criminal Sexual Conduct, and fifteen (15) Counts of Third Degree Criminal Sexual Conduct. Superseding Indictment (Nov. 12, 2013). On December 4, 2013, Defendant appeared for arraignment and pled not guilty. Super. Ct. of Guam Minute Entry Log (Dec. 4, 2013). Following a full trial, the Jury found Defendant guilty of two

(2) Counts of First Degree Criminal Sexual Conduct, one (1) count Second Degree Criminal Sexual Conduct (as a First Degree Felony), and eight (8) Counts of Third Degree Criminal Sexual Conduct. *See* Jury Verdict Forms 1-31, CF0490-10; Minutes (Jan. 21, 2014) at 4:00:57-4:12:58 PM.

The Defendant subsequently moved to set aside several of the convictions rendered against him. Defendant's Motion to Set Aside Convictions (Jan. 28, 2014). On January 29, 2014, the People filed a response which opposed overturning the convictions. Opposition to Defendant's Motion to Set Aside Conviction (Jan. 29, 2014). The Court heard oral arguments on February 11, 2014. Hearing Minutes (Feb. 11, 2014).

## DISCUSSION

The Defendant moves for this Court to set aside "the convictions on the lesser-included offenses at Counts 2 through 9 of the First Charge of the Indictment." Defendant's Motion to Set Aside Convictions (Jan. 28, 2014) at 2. Specifically, Defendant argues that his convictions resulted in "inconsistent verdicts due to the jury reaching inconsistent conclusions based on its reliance on identical evidence." *Id.* Defendant contends that, because it was undisputed at trial that he was a member of the victim's household, a jury could not have convicted him of the lesser included offense of Third Degree Criminal Sexual Conduct while acquitting him of First Degree Criminal Sexual Conduct on the same Counts. *Id.*

The People oppose Defendant's motion on the basis that a conviction may not be set aside "solely on the ground that the jury reached an inconsistent verdict." Opposition to Defendant's Motion to Set Aside Conviction (Jan. 29, 2014) at 2. The People state that, so long as evidence of each individual conviction was sufficient to allow a reasonable jury to return a guilty verdict, the conclusions of the jurors should not be disturbed. *Id.* at 2-4. The Court agrees.

## Inconsistent Verdicts

Both the Supreme Court of Guam and a significant amount of federal caselaw have held that "[a] conviction generally may not be overturned solely on the ground that the jury reached an inconsistent verdict." *People v. Chargualaf,* 2001 Guam 1, ¶ 30 (citing *United States v. Powell,* 469 U.S. 57, 68–69, 105 S.Ct. 471, 479 (1984)); *see also People v. Guerrero,* 2003 Guam 18, ¶ 17; *United States v. McCall,* 85 F.3d 1193, 1197–98 (6th Cir.1996) (holding that even if the verdict was inconsistent, the conviction "remains 'insulated' from review"); *United States v. Birges,* 723 F.2d 666, 673 (9th Cir.1984); *United States v. Torres,* 809 F.2d 429, 431–32 (7th Cir.1987). Indeed, the Supreme Court explained:

> Where truly inconsistent verdicts have been reached, the most that can be said is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real convictions, but that does not show that they were not convinced of the defendant's guilt…It is equally possible the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, *or lenity, arrived at an inconsistent conclusion on a lesser offense.*

*Chargualaf,* 2001 Guam 1, at ¶ 30 (citing *Powell,* 469 U.S. at 64-65) (emphasis added) (internal quotations omitted).

In this case, Defendant's eleven unanimous convictions demonstrate clearly that the Jury was convinced of his guilt. Thus, while Defendant could conceivably have been found guilty of First Degree Criminal Sexual Conduct on Counts 2 through 9, based on the fact that he was a member of the victim's household, the Jury may have merely shown lenity in convicting him of the lesser offense. It is not the role of a judge to unravel or second guess the rationale of a jury, nor does the Constitution allow this Court to substitute its judgment for that of the triers of fact. *See People v. Root,* 1999 Guam 25, ¶ 25; *United States v. D'Angelo,* 598 F.2d. 1002, 1005 (5th

Cir. 1979). Accordingly, an appropriate level of deference does not allow interference with a verdict due to mere inconsistency of judgment. *Guerrero,* 2003 Guam 18, at ¶ 17.

Sufficiency of Evidence

As correctly noted by the People, the Supreme Court of Guam has provided guidance regarding the applicable standard of review when evaluating a Motion to Set Aside Judgment. *Root,* 1999 Guam 25, at ¶ 4. It is well settled that "[i]nconsistent verdicts are not a bar to a conviction so long as there is sufficient evidence to support the guilty verdict." *Chargualaf,* 2001 Guam 1, at ¶ 31 (citing *United States v. Gieger,* 190 F.3d 661, 664 (5th Cir.1999) (citations omitted); *Birges,* 723 F.2d at 673 ("Inconsistent verdicts may stand…provided there is sufficient evidence to support the guilty verdict.") (citations omitted); *United States v. Mitchell,* 146 F.3d 1336, 1345 (11th Cir. 1998) ("[A]s long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count.")). Accordingly, "the evidence presented against [Defendant] shall be reviewed in a light most favorable to the People to determine whether, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Root,* 1999 Guam 25, at ¶ 4 (internal quotations omitted).

Here, there can be no doubt that the evidence presented was sufficient for a reasonable trier of fact to convict Defendant of Third Degree Criminal Sexual Conduct. Several witnesses, including a neighbor and the victim's mother, testified to the Defendant's alarming conduct and relationship with the victim as well as the emotional changes observed in the victim. Minutes (Jan. 7, 2014) at 1:46:45-2:33:31 PM; 3:02:36-4:41:47 PM. Further, both the victim's mother and an employee of the Guam Behavior Health Wellness Center testified to victim's discussions with them regarding her rape. *See* Minutes (Jan. 7, 2014) at 3:50:45-3:56:28 PM; Minutes (Jan. 6, 2014) at 2:13:26-3:16:30 PM. In addition, physical examination of the victim by a Sexual

Assault Nurse Examiner at the Rape Crisis Center revealed a vaginal notch consistent with the victim's allegations. Minutes (Jan. 6, 2014) at 4:09:58-4:43:06 PM. Finally, the victim herself testified to the Defendant's unlawful conduct and identified him as the perpetrator in open court. Minutes (Jan. 8, 2014) at 1:47:01-3:02:48 PM. The cumulative effect of the evidence presented is more than adequate to satisfy the minimally-stringent sufficiency requirement. *See People v. Flores*, 2004 Guam 18, ¶¶ 24-31 (victim's testimony, corroborated or uncorroborated, constitutes sufficient evidence to sustain a guilty verdict). Given this sufficiency of evidence used to convict Defendant on Counts 2 through 9, the Court is required to accept the verdict of the Jury regardless of alleged inconsistencies between findings. As such, the Court declines further inquiry regarding whether or not the conclusions drawn by the Jury were actually inconsistent.

Factual and Legal Inconsistency

Finally, the Court is not persuaded by Defendant's attempt to distinguish the holding in *Guerrero* that "even if the verdicts were legally inconsistent, because we found that there was sufficient evidence to support Guerrero's guilty verdict ... the conviction can still remain." *Guerrero*, 2003 Guam 18, at ¶ 19. Defendant asserts that legal inconsistency is distinct from inconsistency in factual conclusion, thereby justifying a different outcome. Defendant's Motion to Set Aside Convictions, at 2-3 (claiming that overturning a verdict in cases where a jury reaches different verdicts "applying the same identical evidence to both offenses" is "not treated and is not inconsistent with" *Guerrero*). However, in *Chargualaf*, the defendant argued the same type of factual inconsistency claim presently asserted by Defendant. In that case, the defendant argued that the Jury could not have concluded he possessed a firearm for the Special Allegation: Use of a Weapon during the Commission of a Felony while simultaneously finding

he did not possess one for the Possession of a Concealed Weapon charge. Despite the apparent contradiction in factual conclusions, the Court nonetheless deferred to the Jury's verdict using the same "sufficiency of evidence" standard applied in cases of legal inconsistency. *Chargualaf,* 2001 Guam 1, at ¶ 31 ("Inconsistent verdicts are not a bar to a conviction so long as there is sufficient evidence to support the guilty verdict"); *see Birges,* 723 F.2d at 673 ("Inconsistent verdicts may stand, *even when a conviction is rationally incompatible with an acquittal,* provided there is sufficient evidence to support the guilty verdict.") (emphasis added). As such, the Court sees no reason to depart from the principle articulated in *Guerrero* and *Chargualaf.*

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES the Defendant's Motion to Set Aside Convictions. The Sentencing Hearing is set for ___July 23, 2014___ at ___10 a.m.___

**SO ORDERED** this ___29___ day of <u>APRIL</u>, 2014.

___

**HONORABLE ANITA A. SUKOLA**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG / PDSE

APR 3 0 2014 Time: 10 am

Deputy Clerk, Superior Court of Guam

*People v. San Nicolas* (CF0490-10)
Decision and Order